YOUNG, J.
(concurring). I fully concur and join in the majority opinion. I write separately to question the validity of this Court’s application of agency principles in Champion v Nation Wide Security, Inc, 450 Mich 702; 545 NW2d 596 (1996). In Champion, the supervisor engaged in quid pro quo sexual harassment hy offering to “take care of” the plaintiff if she submitted to his sexual requests. However, when the plaintiff rebuffed his offer, the supervisor raped the plaintiff. This Court held that an employer is “strictly liable where the supervisor accomplishes the rape through the exercise of his supervisory power over the victim.” Id. at 713-714. I fail to see how the supervisor’s “supervisory power” aided him in sexually assaulting the plaintiff, where he accomplished the sexual assault through brute force after his attempt to use his supervisory powers had failed. A rape is a physical assault, and the supervisor in Champion was in no way “aided” by his managerial status in raping his subordinate.
I find it hard to square Champion with any conventional notion of agency, and it stands as an isolated, inexplicable exception in our Michigan Supreme Court jurisprudence.